**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**-vs-**                  Case No. 6:01-cr-183-Orl-19

**AUBREY JERMAINE CUMMINGS,**

    **Defendant.**

# ORDER

This case comes before the Court on the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Aubrey J. Cummings. (Doc. No. 139, filed Mar. 16, 2009.)

## Background

At the conclusion of a trial by jury, Defendant was found guilty of Count One of the Indictment charging him with conspiracy to possess with intent to distribute at least fifty (50) grams of cocaine base and at least five (5) kilograms of cocaine hydrochloride in violation of Title 21 of the United States Code, Section 846. (Judgment, Doc. No. 102-2 at 1, filed Aug. 8, 2002.) Defendant was found responsible for 50.53 kilograms of cocaine base (crack cocaine) and 38.58 kilograms of cocaine hydrochloride. (July 31, 2002 Presentence Investigation Report ("PSR") at 3, ¶ 20.) He was sentenced on August 8, 2002. (Doc. No. 100.)

Defendant's base offense level was calculated pursuant to Section 2D1.1 of the 2001 edition of the United States Sentencing Guidelines Manual ("U.S.S.G."). (PSR at 4, ¶ 26.) Because Defendant was found responsible for two types of controlled substances, cocaine base and cocaine hydrochloride, the drug quantities were converted to their marijuana equivalencies and added

together pursuant to U.S.S.G. § 2D1.1 n.6. (PSR at 4, ¶ 27.) Under the 2001 U.S.S.G., 50.53 kilograms of cocaine base was equivalent to 1,010,600 kilograms of marijuana, and 38.58 kilograms of cocaine hydrochloride was equivalent to 7,716 kilograms of marijuana, resulting in a converted sum of 1,018,316 kilograms of marijuana. (PSR at 4, ¶ 27); U.S.S.G. § 2D1.1 Drug Equivalency Tables. As provided in U.S.S.G. § 2D1.1(c)(1), a quantity of 30,000 kilograms or more of marijuana resulted in a base offense level of 38. (PSR at 4, ¶ 27.) Defendant received no adjustments to his base offense level; therefore, his total offense level was 38. (*Id.* at 4-5, ¶¶ 28-35.) Defendant was scored with eight (8) criminal history points, resulting in a criminal history category of IV under the Sentencing Table in Chapter 5, Part A of the U.S.S.G. (PSR at 8, ¶ 44.) The Sentencing Table provided that the sentencing range for offense level 38 and criminal history category IV was 324 to 405 months of imprisonment. U.S.S.G. ch. 5, pt. A. Because Defendant was subject to an enhanced statutory punishment, however, he was not sentenced within this range but was instead sentenced to the applicable statutory mandatory minimum term of imprisonment. (Statement of Reasons; Doc. No. 99, filed Aug. 7, 2002.)

Defendant was eligible for a statutory sentencing enhancement because, prior to trial, the United States provided notice to Defendant under 21 U.S.C. § 851 of its intent to seek enhanced punishment pursuant to 21 U.S.C. § 841(b)(1)(A) due to Defendant's prior felony drug convictions. (Doc. No. 10, filed Dec. 21, 2001.) Section 841(b)(1)(A) provided for a mandatory term of life imprisonment. The Court found that Defendant was subject to this statutory enhancement and therefore sentenced Defendant to the mandatory minimum term of life imprisonment. (Doc. No. 99 at 5; Judgment, Doc. No. 102-2 at 2.)

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. app. C, amend. 706 (2007). The effect of Amendment 706 was to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective March 3, 2008. U.S.S.G. app. C, amend. 713 (supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Following the issuance of Amendment 706, Defendant, proceeding *pro se*, filed the instant Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 139.)

**Analysis**

**I. Amendment 706 Reduction**

Section 3582(c) of Title 18 of the United States Code provides that a court "may not modify a term of imprisonment once it has been imposed," except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2006). The Sentencing Commission's policy statement concerning the application of 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 (2008) and provides in relevant part:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c)

-3-

> for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

As explained above, Defendant was sentenced to a statutory mandatory minimum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) due to his prior felony drug convictions. Defendant argues that he is nevertheless entitled to a reduction pursuant to Amendment 706. (Doc. No. 139 at 1.) Defendant's argument, however, is expressly foreclosed by the application note to U.S.S.G. § 1B1.10 which states:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 n.1(A). Relying in part on this application note, the Eleventh Circuit Court of Appeals has found that the mandatory minimum sentences for repeat felony drug offenders set forth in 21 U.S.C. § 841 are not affected by Amendment 706. *United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008). In other words, they are not guideline sentencing ranges that have "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Accordingly, a defendant sentenced to a statutory mandatory minimum term of imprisonment is ineligible for a reduction in sentence under Amendment 706. *Id.*

Because, in the instant case, Defendant was sentenced to a statutory mandatory minimum sentence, he was not sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission. Therefore, he is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

## II. Additional Arguments

In addition to the arguments raised in support of his Motion for an Amendment 706 reduction in sentence, Defendant raises a number of arguments concerning the sufficiency of the evidence against him at trial, the enhancements to his sentence under 21 U.S.C. § 851, the Court's use of facts not found by a jury to determine his sentence, the inadequacy of the Indictment, the ineffective assistance of his counsel, and various other purported procedural irregularities. (Doc. No. 139.) This Court, however, lacks jurisdiction to consider the merits of these claims for the reasons set forth below.

U.S.S.G. § 1B1.10(b)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Consistent with this statement, the Eleventh Circuit has held, "Thus, a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment." *United States v. Williams*, No. 08-11361, __ F.3d __, 2009 WL 294325, at *2 (11th Cir. Feb. 9, 2009) (citing *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000)). Moreover, the Eleventh Circuit has repeatedly found that "a court may not address extraneous resentencing issues such as constitutional claims in a § 3582(c)(2) proceeding." *E.g.*, *United States v. Williams*, No. 08-12002, 2009 WL 325634, at *2 (11th Cir. Feb. 11, 2009) (citing *Bravo*, 203 F.3d at 782).

While the "extraneous" arguments in Defendant's Motion could perhaps properly be raised on direct appeal or in a 28 U.S.C. § 2255 motion, Defendant has already exhausted these options. His conviction and sentence were affirmed by the Eleventh Circuit on direct appeal. (Doc. No. 132,

filed July 10, 2003.) Defendant's previously submitted Section 2255 motion, filed in case number 6:04-cv-1613-Orl-19DAB in this Court, was found to be without merit and was dismissed. (Doc. No. 137, filed July 15, 2005.) To the extent Defendant is seeking additional relief pursuant to Section 2255 in the present Motion, such request would constitute a second or successive application for relief. Before Defendant will be permitted to file a second or successive Section 2255 motion in this Court, he must move the Eleventh Circuit for an order authorizing the District Court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Because the record reveals no such authorization from the Eleventh Circuit, the Court may not consider the additional arguments presented in Defendant's Motion.

## Conclusion

Based on the foregoing, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Aubrey J. Cummings (Doc. No. 139, filed Mar. 16, 2009) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
Defendant